56187, 56188. COLONIAL SELF STORAGE OF THE SOUTH EAST, INC. v. CONCORD PROPERTIES, INC.; and vice versa.

BANKE, Judge.
Concord Properties, Inc., brought this action against Colonial Self Storage to recover for the latter's alleged

conversion of property which Concord had stored in three storage compartments rented from Colonial. Colonial answered, alleging that it was authorized to take the property under the terms of the rental contract. The trial court granted summary judgment to Concord on the issue of liability but denied summary judgment on the issue of the value of the property converted. Colonial appeals the grant of partial summary judgment as to liability, and Concord cross appeals the denial of summary judgment as to value.

The contract provided, in pertinent part: "Owner does hereby demise and rent unto said tenant storage compartment number 140, 141, 142 in a building located at 7469 Tara Blvd. to be used as storage for storing personal or commercial properties . . ." It further provided that in the event of default in payment of rent, the property "shall be conclusively deemed abandoned, and owner . . . is authorized to re-enter, seize and take possession of said property for arrears of rent or breach of covenant or by reason of said abandonment without being deemed guilty in any manner of trespassing or conversion . . ." and to sell the property at public or private sale on 30 days' notice to the tenant in payment of back rent.

The original written contract was for only one month; however, Concord continued to pay rent and to utilize the compartments for several months after that. It then ceased to pay rent, whereupon, ten months later, after issuing repeated notices and warnings to Concord, Colonial seized the property and sold it pursuant to the default provisions of the contract. *Held:*

1. "One who is a tenant at will by virtue of holding over after the expiration of the term of his lease holds the premises subject to the general terms and conditions specified in the lease, except so far as modified by mutual agreement." 51C CJS 471, Landlord & Tenant, § 165. See 49 AmJur2d 1097, Landlord & Tenant, § 1144. Both parties agree that Concord became a tenant at will by virtue of Colonial's continued acceptance of rent after the expiration of the term of the original lease, and it is clear that Colonial's actions in seizing the property were expressly permitted by the default provisions of the lease. However, Concord contends that the exclusive remedy for

a landlord seeking to dispossess a tenant or to distrain his property for nonpayment of rent is to initiate a judicial proceeding under Code Ann. Ch. 61-3, relating to proceedings against tenants holding over, or Ch. 61-4 relating to distress warrants.

Code Ann. § 61-102 (b) (Ga. L. 1976, pp. 1372, 1373) provides that a landlord may not avoid in any lease "for the use or rental of real property *as a dwelling-place*" any of the requirements set forth in Chapters 61-3 or 61-4. (Emphasis supplied.) Conversely, it follows that a landlord *may* contract to avoid these statutory requirements when renting property which is not to be used as a dwelling-place. Accordingly, we hold that Colonial was authorized to rely on the default provisions of the contract in seizing Concord's property for nonpayment of rent, and it was error to grant summary judgment to Concord in this action for conversion.

2. In view of the above ruling, it was not, of course, error to deny Concord's summary judgment on the issue of damages.

*Judgment reversed in Case No. 56187. Judgment affirmed in Case No. 56188. Deen, P. J., and Smith, J., concur.*

SUBMITTED JUNE 29, 1978 — DECIDED
OCTOBER 12, 1978.

*Macey & Zusmann, Steven Schaikewitz, George S. Stern,* for appellant.

*Roberts & Johnson, Sam D. Johnson,* for appellee.