## 35255. WILKERSON et al. v. CHATTAHOOCHEE PARKS, INC.

MARSHALL, Justice.

The appellants leased two houseboat spaces from the appellee for a term of one year. During the term of the lease, the appellee informed the appellants that the lease was being terminated under the provisions of Paragraph 11, which provide that "discord or indecorous conduct by lessee, his family or his visitors, which may, *in the sole discretion of lessor,* result in injury to a person, cause damage to property, *or harm the reputation of the marina* shall be cause for *immediate* cancellation of this lease by lessor." (Emphasis supplied.) The appellants filed suit for a temporary restraining order, which was granted. A rule nisi hearing was scheduled for June 11, 1979. On May 25, the appellee filed its answer, and also a counterclaim to dissolve the t.r.o. and to order the appellants to remove their houseboats from the appellee's premises. Following the hearing, the trial court entered an order on June 12

granting the prayers for relief in the appellee's counterclaim, from which order this appeal is taken.

1. The appellee has moved to dismiss the appeal as moot, on the ground that no supersedeas or injunction pending appeal was obtained and the appellants have voluntarily performed the act they sought to enjoin, i.e., the removal of their houseboats from the appellee's marina. See, e.g., *Crim v. Sorrow,* 243 Ga. 477 (255 SE2d 19) (1979); *Faulkner v. Ga. Power Co.,* 241 Ga. 618 (247 SE2d 80) (1978) and cits.; *Douglas County v. Hasty,* 237 Ga. 646 (229 SE2d 435) (1976) and cit. Such cases are not applicable here, however, where the appellants filed an extraordinary motion for supersedeas with this court, which was denied, and where the appellants filed an answer alleging that their removal of the houseboats was not done voluntarily, but to prevent a further breach of the peace and to prevent further damages to the houseboats. The motion to dismiss is denied.

2. The trial court did not err in advancing and consolidating the trial of the action on the merits with the hearing on the appellants' application for an interlocutory injunction without prior notice to the parties. Code Ann. § 81A-165 (a) (2) (Ga. L. 1966, pp. 609, 665; 1967, pp. 226, 240; 1972, pp. 689, 698) permits this action "after the commencement of the hearing." While § 81A-165 (a) (1) provides, "No interlocutory injunction shall be issued without notice to the adverse party," the appellants were on notice of the hearing. In addition, the appellants did not object at trial to the trial judge's hearing the merits of the case at the interlocutory injunction hearing.

3. The appellants contend that it was error to order their houseboats removed from the appellee's premises, because the only procedure by which a landlord can evict a tenant is under Code Ch. 61-3, "Proceedings against tenants holding over."

"Code Ann. § 61-102 (b) (Ga. L. 1976, pp. 1372, 1373) provides that a landlord may not avoid in any lease 'for the use or rental of real property *as a dwelling-place'* any of the requirements set forth in Chapters 61-3 or 61-4. (Emphasis supplied.) Conversely, it follows that a landlord *may* contract to avoid these statutory

requirements when renting property which is not to be used as a dwelling place." *Colonial Self Storage &c., Inc. v. Concord Properties, Inc.,* 147 Ga. App. 493, 495 (249 SE2d 310) (1978). No contention is made in the present case that the slips or spaces in the marina, or even the houseboats docked there, were to be, or were in fact, used as dwelling places.

"Parties laboring under no disabilities may make contracts on their own terms, and in the absence of fraud or mistake or terms that are illegal or contrary to public policy, they must abide the contract. The fact that it is unwise or disadvantageous to one party furnishes no reason for disregarding it." *Yon v. City of Atlanta,* 201 Ga. 800, 804 (2) (41 SE2d 516) (1947).

It should be noted that the contract in question provides in Paragraph 11, that the determination of a violation is "in the sole discretion of lessor," and that such violation entitles the lessor to *immediate* cancellation of the lease, not after notice, as the appellants-lessees contend. The appellants rely on Paragraph 13 of the lease: "If lessee defaults for ten days in paying said rent; or *if lessee defaults for ten days, after written notice thereof, in performing any other of his obligations hereunder,* lessor at his option may at once terminate this lease without further notice to lessee, and hereby agrees to forfeit all monies paid to lessor." (Emphasis supplied.) Although it can be argued that the lessees had an obligation to avoid the "discord or indecorous conduct" prohibited by Paragraph 11, this is not such an obligation as would come within the purview of Paragraph 13, so as to require written notice prior to termination, since, as was noted hereinabove, a violation of Paragraph 11 is grounds for *immediate* cancellation. Thus, the appellants' attempt to cure their alleged "default" by ensuring and assuring that such admitted conduct and violations would not recur, had no effect upon the cancellation of the lease, which had already been properly effected pursuant to Paragraph 11.

Nor was it error to grant the affirmative relief to the appellee based on its compulsory counterclaim, which arose "out of the transaction or occurrence that is the subject-matter of the opposing party's claim . . ." Code Ann. § 81A-113 (a) (Ga. L. 1966, pp. 609, 625).

4. The enumeration of error as to the denial of the appellants' request for a temporary injunction is rendered moot by our holding in Division 2, supra, that the trial court was authorized in advancing and consolidating the trial of the action on the merits with the hearing on the application for interlocutory injunction.

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs in the judgment only.*

ARGUED SEPTEMBER 19, 1979 — DECIDED OCTOBER 16, 1979.

*Joseph E. Wilkerson,* for appellants.
*Sartain & Carey, Jack M. Carey, W. Allen Myers,* for appellee.