### 63895. EASON PUBLICATIONS, INC. v. MONSON.

SOGNIER, Judge.

Eason Publications, Inc. (Eason) leased certain property from Monson to be used in the conduct of its business as a publisher of a local newspaper. In accordance with the provisions of the lease, Monson notified Eason that the lease was being terminated for Eason's failure to pay rent. When Eason failed to relinquish the premises, Monson filed the instant dispossessory action. Eason tendered the past due rent to Monson and answered, defending on the grounds that such a tender was a complete defense to the action in accordance with Code Ann. § 61-309. After a hearing on the matter, the trial court without a jury made findings of fact and conclusions of law, disallowed Eason's defense and entered judgment in favor of Monson. We affirm.

1. Appellee's motion to dismiss the appeal is denied.

2. Appellant contends that the trial court erred in determining as a matter of law that the lease was commercial in nature and that by virtue of the lease Eason had waived its defense under Code Ann. § 61-309. Appellant argues that because the building it rented was a house and because the lease itself was entitled "HOUSE RENTAL AGREEMENT," that the lease was not commercial in nature and its defenses under Chapter 61-3 could not be waived. See Code Ann. § 61-102(b).

The trial court found as a matter of fact that the premises were rented "for commercial purposes only in the conduct of its business of assembling, publishing and distributing its newspaper . . ." While we have no transcript of the proceedings, it is apparent that the trial court made its findings based upon an interpretation of the rental agreement. The lease referred to "residential premises" and contained a specific provision restricting use of the property to residential use and excluding commercial use. This restriction was stricken from the lease by the parties. The trial court found, inter alia, that at no time during the lease were the premises used for non-commercial purposes, and that the sole tenant was a business corporation.

The trial court evidently considered the lease ambiguous and sought to ascertain the true intentions of the parties by hearing evidence as the fact finder. The existence or non-existence of an ambiguity in a contract is a question of law for the court, and an ambiguity having been found, the surrounding circumstances may be proved. *Salvatori Corp v. Rubin,* 159 Ga. App. 369, 372 (283 SE2d 326) (1981). We agree with the trial court that the lease itself is ambiguous in that there is some "duplicity, indistinctness, an uncertainty of meaning or expression." Id. We have no transcript of the hearing and will assume the trial court was correct in its resolution of the factual questions regarding the lease. *Bright v. Wynn,* 148 Ga. App. 95 (251 SE2d 56) (1978).

Next, we find no error in the trial court's interpretation of the lease with regard to appellant's waiver of its defense under Code Ann. § 61-309. The lease provided: "Upon Lessee's failure to pay rent in accordance with the terms hereof, or if Lessee defaults in the performance of or compliance with any other term or condition hereof, Lessor, at his option, may without further notice or demand, immediately terminate this lease and, either directly or through legal process, reenter the demised premises and remove all persons or property therefrom." Similar language has been held to constitute a waiver of the provisions of Code Ann. Ch. 61-3. *Colonial Self Storage v. Concord Properties,* 147 Ga. App. 493, 495 (249 SE2d 310) (1978).

"Code Ann. § 61-102 (b) (Ga. L. 1976, pp. 1372, 1373) provides that a landlord may not avoid in any lease 'for the use or rental of real property *as a dwelling-place'* any of the requirements set forth in Chapter 61-3 or 61-4. (Emphasis supplied.) Conversely, it follows that a landlord *may* contract to avoid these statutory requirements when renting property which is not to be used as a dwelling place." *Colonial Self Storage,* supra, at 495; *Wilkerson v. Chattahoochee Parks,* 244 Ga. 472, 473 (260 SE2d 867) (1979).

Accordingly, we hold that Monson was entitled to rely on the default provisions of the lease in refusing tender of the past due rent and in taking action to dispossess appellant, and that Eason was not entitled to the defenses of Chapter 61-3 having waived said provisions in the lease. Thus, there was no error in the trial court's entry of judgment in favor of Monson.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 8, 1982.

*Ben F. Johnson III, Charles W. McGrady,* for appellant.

*William W. Barham,* for appellee.