### 71799. HUBERT v. TURNER OUTDOOR ADVERTISING, LTD. et al.
(344 SE2d 542)

CARLEY, Judge.

Appellant landowner sued appellees for rent allegedly owed for a billboard display located on appellant's property. Appellees maintained two billboard displays on the property. Appellant contended that the ground lease between the parties covered only one of the displays, and that fair rental value is owed for the other. Appellees contended that both displays were covered by the lease and that all rent due thereunder had been paid. A non-jury trial resulted in a judgment in favor of appellees. Appellant's motion for new trial was de-

nied and he appealed to the Supreme Court, which transferred the case to this court.

1. Appellant contends that OCGA § 13-2-3, which makes ascertainment of the intention of the parties paramount to other rules of construction, is unconstitutional. The fact that the Supreme Court transferred the case to this court authorizes us to conclude that no constitutional question is properly raised. *Wadley Southern R. Co. v. Faglee*, 42 Ga. App. 80 (1) (155 SE 65) (1930), rev'd on other grounds, 173 Ga. 814 (161 SE 847) (1931); *Denton v. State*, 154 Ga. App. 427, 428 (2) (268 SE2d 725) (1980).

2. The trial court held that the language of the lease was ambiguous. Therefore, extrinsic evidence was admitted to enable the trial court, as the trior of fact, to ascertain the intention of the parties. Appellant contends that this was error, asserting that the words of the lease were clear and unambiguous, thus making such extrinsic evidence inadmissible. "The existence or non-existence of ambiguity in a contract is a question of law for the court. [Cit.]" *Heyman v. Fin. Properties &c.*, 175 Ga. App. 146, 147 (332 SE2d 893) (1985). Contrary to appellant's assertions, the lease is not clear as to the locations and number of structures covered. The wording of the agreement is susceptible of two interpretations, that urged by appellant and that urged by appellees. The trial court, therefore, properly held it to be ambiguous and admitted extrinsic evidence to prove the intention of the parties. *Eason Publications v. Monson*, 163 Ga. App. 370, 371 (294 SE2d 585) (1982).

Although in dispute, the extrinsic evidence adduced at trial did authorize the trial court's judgment in favor of appellees. "The appellate courts will only reverse the findings of the trial court if they are based on erroneous findings of law; [they] will not control his findings of fact based upon conflicting evidence. [Cit.]" *Calhoun v. Tape &c. Equip. Co.*, 147 Ga. App. 357, 358 (249 SE2d 131) (1978).

Accordingly, we find no reversible error and appellant's motion for new trial was properly denied.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED APRIL 22, 1986.

*Robert H. Owen*, for appellant.

*David H. Flint, John A. Christy, Paul E. Weathington*, for appellees.