## 73767. SAMUELS v. MULLINS et al.
(353 SE2d 564)

Deen, Presiding Judge.

Kimberly Kae Samuels brings this appeal following the denial of her motion for a new trial. Appellee has moved this court to dismiss the appeal for lack of jurisdiction contending that a motion for a new trial was not the proper method to review the motions filed by Ms. Samuels. The record shows that she brought an action to terminate supervision of herself by the Department of Family and Children Services, a motion for a declaratory judgment to have herself declared legally competent, and a motion to amend a motion to join a party. A motion filed by her mother on her behalf while she was still a minor to include the Bank of California, N.A., was also included in the motions ruled upon by the court. The trial court entered its order ruling on the various motions on July 10, 1986. The notice of appeal was filed on September 18, 1986, fourteen days after the court denied the motion for a new trial. *Held:*

The motion for a new trial did not toll the running of the 30 days in which to file a notice of appeal therefrom. " 'Objections which go to the judgment only, and do not extend to the verdict, cannot properly be made grounds of a motion for new trial. A motion for a new trial seeks to set aside the verdict. No new trial is necessary to correct a judgment or decree. If a judgment or decree is erroneous or illegal, direct exception should be taken to it at the proper time.' [Cit.]" *Sands v. Lamar Properties*, 159 Ga. App. 718, 719 (285 SE2d 24) (1981).

*Appeal dismissed. Birdsong, C. J., and Pope, J., concur.*

Decided January 26, 1987 —
Rehearing denied February 3, 1987 —

*Joel A. Willis, Jr., Lawrence O. Guillory*, for appellant.
*Edward S. Sell III, Lori L. Chapman*, for appellees.