## 77907. GULLY v. GLOVER.
(378 SE2d 411)

BIRDSONG, Judge.

This is an appeal of a bench trial judgment entered in favor of appellee landlord for damages to rental property in the amount of $8,417.

Appellee landlord leased a house to appellant Doris Gully and her son James E. Gully. The term of the lease was from April 15, 1985 to April 14, 1986. With the knowledge of his parents and appellee landlord, James E. Gully moved into the premises with a woman named Linda Law. At no time did Doris Gully actually reside in or assume actual physical possession of the premises, although she had the legal right to do so in accordance with the terms of the lease. At the end of the lease term, the premises was not surrendered to the appellee landlord. James Gully and Linda Law continued to reside in the house. The written lease contained a provision that "[i]f Tenant remains in possession of premises after expiration of the term hereof . . . Tenant shall be a tenant at will . . . and there shall be no renewal of this lease by operation of law." Appellee landlord was notified on August 12, 1986, by Ms. Law that the premises was to be vacated, and he regained possession of the premises on August 26, 1986. Appellee then discovered that the property had been subjected to substantial damage.

At the time the lease was signed, appellants Doris Gully paid the security deposit and rent for the first month. Thereafter, rent was paid by the occupants. When the rent was late, appellee landlord would contact appellant Doris Gully who would act as a "go-between" for him contacting Linda Law to pay the rent. At some point in time, "around a year" after the lease was entered, and after its termination, James E. Gully apparently moved out. After the lease period expired, the appellee continued to look to Linda Law and James Gully for the rent or to appellant Doris Gully if the rent had not been paid. Appellee landlord, in fact, contacted appellant Doris Gully at least "a couple of times" regarding late rent payments after expiration of the lease period.

Eugene Gully testified that after his son met Linda Law he asked his parents to help them find a place to live, "which we did." Appellee landlord apparently would not enter a lease with only James Gully as a tenant. Appellant in her answer to plaintiff/appellee's complaint admitted that she had entered the lease and further averred that she did so "as a guarantor for her son."

The trial court entered judgment in favor of the appellee landlord against appellants Doris Gully and James E. Gully, jointly and severally. *Held*:

1. Appellee asserts that this court lacks jurisdiction to entertain this appeal as appellant failed to file her notice of appeal within thirty days of the entry of judgment.

Judgment was entered on June 16, 1988; appellant's motion for new trial was denied on August 23, 1988; and, appellant's notice of appeal was filed on August 30, 1988.

OCGA § 5-6-38 (a) pertinently provides that "[a] notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of; but when a motion for new trial . . . has been filed, the notice shall be filed within 30 days after the entry of the order . . . overruling, or . . . disposing of the motion." In *Pillow v. Seymour*, 255 Ga. 683, 684 (341 SE2d 447), it was held that "[w]here a motion for new trial is not a *proper* vehicle for review of a trial court's action, the motion has no validity and will not extend the time for filing the notice of appeal." (Emphasis supplied.) And, " ' "[o]bjections which go to the judgment only, and do not extend to the verdict, cannot properly be made grounds of a motion for new trial." ' " *Samuels v. Mullins*, 181 Ga. App. 665 (353 SE2d 564). Nevertheless, OCGA § 9-11-52 (c) reflects that a motion for new trial may be used in addition to the filing of motions in attacking fact findings, by the court in non-jury trials, contained in the entered judgment. "A motion for a new trial is a [proper] means of seeking a retrial or reexamination, in the same court, of an issue of fact, or of some part or portion thereof, after decision by a jury . . . or a decision by the *court* thereon." (Emphasis supplied.) Ga. Prac. & Proc. (5th ed.), Motion for New Trial, § 24-1; see *Sunn v. Mercury Marine*, 166 Ga. App. 567, 568 (305 SE2d 6).

In the case sub judice, appellant's motion for new trial was based on the general grounds. Although the motion asserted that the "verdict" was contrary to the evidence, it is clear from examining both the motion and the judgment as a whole that the motion, in fact, was based on the grounds that the trial court's findings of fact contained in the judgment were contrary to and not supported by admissible evidence of record. There is no magic in the nomenclature of a motion or other pleading, "we will construe them to serve the best interests of the pleader, judging the pleading by its function rather than by its name." *Holloway v. Frey*, 130 Ga. App. 224 (3) (202 SE2d 845). Accordingly, we find that the motion for new trial was procedurally proper, and that the period for filing notice of appeal had not expired. OCGA §§ 5-6-38 (a); 9-11-52 (c).

2. Appellant asserts that the trial court erred in finding that the tenants did not surrender the premises at the conclusion of the lease

thereby becoming tenants at will; the appellant/defendants continued to be subjected to all other provisions of the lease between the parties; when the premises were surrendered, they were substantially damaged; and, this damage occurred during the time of the appellant/defendant's possession of the premises under the lease. At the onset, we note OCGA § 9-11-52 (a) provides that "[f]indings . . . shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses."

OCGA § 44-7-10 pertinently provides that "[t]he tenant shall deliver possession to the landlord at the expiration of his term. . . ." Appellee landlord testified that possession of the property was not surrendered to him before August of 1986. The trial transcript further shows that the appellant's co-tenant son continued to physically occupy the premises for some period after the written lease expired, and that appellant Doris Gully continued to act as a "go-between" for the appellee landlord when the rent payment was late. Thus, the trial transcript supports the trial judge's finding that the tenants did not surrender the premises at the conclusion of the lease. Having found no basis for reversing this finding, we find the trial court correctly concluded that the terms of the lease caused the tenants who then were but mere hold-overs to assume the legal status of tenants at will. See generally Pindar, Ga. Real Estate Law, Tenancies & Leases, § 11-39; EGL, Landlord & Tenant, § 14 (e), 15 (b). The case of *Turman v. MacLachlan*, 257 Ga. 69 (354 SE2d 825), cited by appellant, is distinguishable from the facts of this case.

The trial court technically erred in holding that the defendants, who included appellant Doris Gully, continued to be subjected to *all* other provisions of the lease. " 'One who is a tenant at will by virtue of holding over after the expiration of the term of his lease holds the premises subject to the general terms and conditions specified in the lease, except so far as modified by mutual agreement.' " *Colonial Self Storage &c. v. Concord Properties*, 147 Ga. App. 493 (1) (249 SE2d 310). Certainly, the "general terms and conditions" of the lease would include, at a minimum, provisions for rent and repairs by the landlord and tenant. Thus, the error would not affect the substantial rights of the parties, and was harmless. OCGA § 9-11-61.

The trial transcript also supports the trial judge's findings of fact that when the premises were surrendered they were substantially damaged, and this damage occurred when the defendants were in possession of the premises under the lease. From the testimony of appellee landlord, from the nature and extent of property damage as reflected by photographic exhibits, and from the admissions made by Eugene Gully as to property deterioration during the year leasing period, some evidence exists to support the trial court's findings. In fact,

we believe the record supports a finding that the damage had substantially occurred before expiration of the written lease signed by the appellant and her co-tenant son.

3. Appellant asserts that she should have been granted judgment as a matter of law because her obligations on the lease terminated on April 14, 1986. We find this enumeration to be without merit.

We are satisfied that appellant by her statements and conduct, reasonably caused appellee landlord to believe that she consented to have her son in her behalf retain physical possession of the premises, both during and after the lease term. Thus, appellee landlord could rely upon this apparent authority vested by appellant in her son as her *implied* agent. OCGA § 10-6-1; *Hinely v. Barrow*, 169 Ga. App. 529, 530 (313 SE2d 739). Accordingly, appellant was legally bound by her son's act of retaining possession of the property after expiration of the lease term, and pursuant to the provisions of the lease, she became a tenant at will with her son. Consequently, either as a tenant or subsequently as a tenant at will, appellant was liable for any damages caused during her tenancy in violation of the general terms of the lease regarding repairs by the tenant.

Moreover, as above indicated, the trial transcript supports a finding of fact that the damage substantially occurred before the written lease terminated. Thus, assuming appellant's obligations under the lease had terminated on April 14, 1986, her liability for damages to the property would remain.

In view of the above, we need not determine if appellant's conduct in this matter was so grossly negligent as to amount to a constructive fraud which along with appellee landlord's detrimental reliance thereon would give rise to equitable estoppel. See generally OCGA § 24-4-27.

This enumeration of error is without merit.

4. Appellant asserts that the trial court erred in admitting in evidence plaintiff's exhibit number 7, an alleged hourly time schedule as to each repair job undertaken on the premises and as to each employee working thereon. We disagree.

At trial the appellee landlord testified without objection as to the people who helped repair the premises and as to the total number of hours spent by the group. The appellant objected subsequently to the admission of a written record regarding the time taken and persons performing the repair work. The basis of appellant's objection was that "we have only one plaintiff in the case and that's Mr. Glover. And what he's submitting here is work that was supposed to have been done" by others, that is plaintiff is attempting to "recover for their labor." It is obvious that the objection posed by appellant is not in proper form. Appellant now attempts to expand his enumeration of error and the scope of his objection at trial by also arguing that the

appellee failed to prove its damages with certainty as its claim for labor was "estimated." Appellant did not object to the testimony of appellee regarding either the number of hours spent in making repairs or as to the estimated hourly value of the labor spent on repairs. Thus, in regard to these new matters, there is nothing for us to review on appeal since appellant failed to make his objection at trial on the specific ground he now attempts to raise on appeal. *Weaver v. State*, 179 Ga. App. 641 (7) (347 SE2d 295). Moreover, " '[a]s "(a)n enumeration of error cannot be enlarged to include other issues not made therein" [cit.] appellant's attempt to enlarge his . . . enumeration by further asserting that' " appellee has failed to prove its damages with certainty is not properly before this court. *Burke v. State*, 153 Ga. App. 769 (1) (266 SE2d 549).

Construing the above trial objection as being predicated on the specific grounds of lack of relevancy, we will address this enumeration of error on that basis.

Although irrelevant matter should be excluded, OCGA § 24-2-1, " '(t)he issue as to the relevancy and materiality of evidence is for the trial court.' " *Wright v. State*, 186 Ga. App. 231 (2) (c) (366 SE2d 834). Thus, " '[a]dmissibility of evidence is a matter which rests largely within the sound discretion of the trial court,' " *Santone v. State*, 187 Ga. App. 789 (3) (371 SE2d 428), " 'and in the absence of an abuse of judicial discretion, this court will not interfere' with the trial court's ruling." *Palmer v. State*, 186 Ga. App. 892, 898-899 (369 SE2d 38). We find no abuse of discretion in this ruling. Moreover, as the appellee landlord previously had testified without objection as to the total hours of work required for repair of the premises and as to those persons who helped repair the premises, assuming arguendo error had occurred, it would be harmless. OCGA § 9-11-61.

Appellant's other assertions of error are without merit.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 9, 1989.

*Claude E. Hambrick, Robert Loewenthal,* for appellant.
*Alfred L. King, Jr.,* for appellee.