### A09A2324. RADHA KRISHNA, INC. v. DESAI et al.
(689 SE2d 78)

BLACKBURN, Presiding Judge.

In this breach of contract action, Radha Krishna, Inc. ("RK") sued Nimish K. Desai and his business Vaikunth, Inc. (collectively "Desai") for failure to pay operating costs allegedly owed pursuant to a commercial lease agreement. RK appeals the partial grant of summary judgment to Desai, contending that the trial court erred in ruling that Desai's status as a tenant at will barred RK's claims for operating costs for the period of time that Desai occupied the property after the lease expired, and in ruling that the statute of limitation barred RK's claims for operating costs incurred prior to June 20, 2001. For the reasons set forth below, we reverse.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c); *Britt v. Kelly & Picerne, Inc.*[1] "On appeal from the grant or denial of a motion for summary judgment, we review the evidence de novo, and all reasonable conclusions and inferences drawn from the evidence are construed in the light most favorable to the nonmovant." (Punctuation omitted.) *McCall v. Couture.*[2]

So viewed, the record shows that on July 2, 1999, RK and Desai executed a 60-month commercial lease agreement, in which RK leased property in a shopping center to Desai for Desai's dry cleaning business. Desai moved his business onto the property in November 1999, after construction on the property was completed, and opened it a few months later. Under the terms of the lease, Desai owed "Minimum Rent" in the amount of $1,250 per month for the first year and in the amount of $1,550 per month for years two through five. In addition, paragraph 3.5 of the lease, which was titled "Operating Costs," provided:

> Tenants shall pay to Landlord along with its monthly install-ment of Minimum Rent, as Additional Rent, Tenant's Pro-portionate Share of all costs incurred by Landlord in main-taining, lighting, repairing, replacing, operating, cleaning,

---

[1] *Britt v. Kelly & Picerne, Inc.*, 258 Ga. App. 843, 843 (575 SE2d 732) (2002).

[2] *McCall v. Couture*, 293 Ga. App. 305, 305 (666 SE2d 637) (2008).

> painting, landscaping, securing, managing, and insuring the portions of the Shopping Center which are the responsibility of Landlord hereunder (collectively, the "Operating Costs"). By way of illustration, but not limitation, Operating Costs shall include payments of . . . *real estate taxes and assessments* associated with the Shopping Center. . . . Tenant's monthly payments of Operating Costs shall be based on estimates calculated by Landlord and such estimates shall be adjusted necessary as determined by Landlord. Tenant shall receive an annual reconciliation for each component of Tenant's Proportionate Share of Operating Costs.

(Emphasis supplied.)

By the beginning of 2001, the county was still in the process of re-classifying the property from "C-1 Undeveloped" to "C-1 Developed" for purposes of appraisal and taxation, and therefore RK had not been able to accurately calculate its operating costs associated with the shopping center. Accordingly, RK had not been billing or attempting to collect monthly Operating Costs from Desai. At that time, RK explained to Desai the reason that it had not been billing him for monthly Operating Costs but also informed him that he would be billed after the property classification issue was resolved. In 2003, the county finally resolved the classification issue and began taxing RK based on the new assessment. As a result, RK notified Desai that it would be providing him with a bill for the Operating Costs but, for reasons which are not clear from the record, did not do so.

The lease expired on July 2, 2004. RK alleges that the parties orally agreed to extend the lease prior to its expiration. Although Desai disputes this allegation, it is undisputed that for the next couple of years after this date, Desai continued occupying the property and operating his dry cleaning business, with RK's permission. During that time, Desai continued paying Minimum Rent, and RK continued to discuss calculation and payment of the Operating Costs with Desai. RK alleges that Desai never objected when it notified him that he would eventually be billed for the Operating Costs, and that Desai only requested that he not be billed a lump sum.

In early December 2006, Desai notified RK that he intended to vacate the property. A few weeks later, RK provided Desai with a bill for the Operating Costs for the period of time that Desai occupied the property, which totaled just over $33,000. Initially, Desai did not object to the bill but instead requested to review the documents that supported RK's total calculation. However, after reviewing the

documents, Desai informed RK that he would not be paying the amount billed for the Operating Costs.

On June 20, 2007, RK sued Desai and his dry cleaning business, alleging breach of contract and claiming damages in the amount of $33,549.20. Desai filed an answer and eventually moved for summary judgment as to all of RK's claims. The trial court held a hearing on the matter, after which it issued an order granting Desai's motion in part and denying it in part. Specifically, the trial court found that Desai became a tenant at will when the lease expired and that his status as a tenant at will barred RK's claims for Operating Costs for the period of time that Desai occupied the property after the lease's expiration. The court also found that the six-year statute of limitation barred RK's claims for Operating Costs that were owed prior to June 20, 2001. The court denied Desai's motion for summary judgment as to RK's claims for Operating Costs owed between June 20, 2001, and July 2, 2004. This appeal followed.

1. RK contends that the trial court erred in partially granting summary judgment in favor of Desai on the ground that his status as a tenant at will after the lease expired barred RK's claims for Operating Costs for the period of time that Desai occupied the property after the lease's expiration. We agree.

It is undisputed that the lease in this matter expired on July 2, 2004, but that Desai continued to occupy the property for another two years, with RK's permission. RK claims that the parties orally agreed to extend the lease past the lease's expiration but does not specify the length of the alleged extension and instead claims that the extension was month to month. "Under Georgia law, where no time is specified for the termination of a tenancy, the law construes it to be a tenancy at will." (Punctuation omitted.) *Mariner Healthcare v. Foster*.[3] "One who is a tenant at will by virtue of his holding over after the expiration of the term of his lease holds the premises subject to the general terms and conditions specified in the lease, except so far as modified by mutual agreement." (Punctuation omitted.) Id. See *Colonial Self Storage &c. v. Concord Properties*.[4] "[T]he 'general terms and conditions' of the lease would include, at a minimum, provisions for rent and repairs by the landlord and tenant." *Gully v. Glover*.[5] See *Mariner Healthcare*, supra, 280 Ga. App. at 409 (2).

Here, the trial court found that Desai became a tenant at will after the lease expired but inexplicably found that his status meant

YALE LAW LIBRARY

---

[3] *Mariner Healthcare v. Foster*, 280 Ga. App. 406, 409 (2) (634 SE2d 162) (2006).

[4] *Colonial Self Storage &c. v. Concord Properties*, 147 Ga. App. 493, 494 (1) (249 SE2d 310) (1978).

[5] *Gully v. Glover*, 190 Ga. App. 238, 240 (2) (378 SE2d 411) (1989).

that he was not obligated to pay Operating Costs for the two years that he occupied the property after the lease's expiration. Given that paragraph 3.5 of the lease specifically characterizes Operating Costs as "Additional Rent," the trial court erred in finding that Desai held the property as a tenant at will but was not subject to this general term and condition of the lease. See *Gully*, supra, 190 Ga. App. at 240 (2). Accordingly, we reverse the trial court's grant of partial summary judgment to Desai as to this issue.

2. RK further contends that the trial court erred in ruling that the six-year statute of limitation barred RK's claims for Operating Costs incurred prior to June 20, 2001. We agree.

"On a contract claim, the statute of limitations begins to run at the time of its alleged breach." *Wallace v. Bock*.[6] Under OCGA § 9-3-24, "[a]ll actions upon simple contracts in writing shall be brought within six years after the same become due and payable." Here, the trial court held that any alleged breach of the lease by Desai occurred as the Operating Costs came due each month but were not paid. Applying the six-year statute of limitation, the trial court held that because RK filed its complaint on June 20, 2007, it could not recover for any monthly Operating Costs that were incurred but not paid prior to June 20, 2001.

However, RK contends that the parties agreed orally and through their conduct that RK would not bill Desai for the Operating Costs on a monthly basis but that this "Additional Rent" would be paid at a later time. Thus, RK argues that no breach occurred until Desai refused to pay the accrued Operating Costs after vacating the property in December 2006 and that its claim for these costs, which were sought in its lawsuit filed six months later, were not time-barred. We agree that a jury could so find. Indeed, "parties may modify a written agreement through their conduct, even when the contract itself contains a merger clause or a 'No Waiver' provision. . . ." *Glimcher Properties v. Bi-Lo*.[7] See *Smith v. Gen. Finance Corp. &c.*[8] Construed in a light most favorable to RK as the nonmovant, genuine issues of material fact remain as to whether the parties modified the terms of the lease regarding when the Operating Costs would become due. Accordingly, the trial court erred in granting summary judgment in favor of Desai as to this issue.

*Judgment reversed. Adams and Doyle, JJ., concur.*

DECIDED DECEMBER 15, 2009.

[6] *Wallace v. Bock*, 279 Ga. 744, 747 (2) (620 SE2d 820) (2005).

[7] *Glimcher Properties v. Bi-Lo*, 271 Ga. App. 322, 324 (1) (609 SE2d 707) (2005).

[8] *Smith v. Gen. Finance Corp. &c.*, 243 Ga. 500, 501 (255 SE2d 14) (1979).

*Davis, Matthews & Quigley, Vincent J. Arpey*, for appellant.
*Shawn F. Bratton, J. Michael McGarity*, for appellees.