**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/

June 26, 2012

# In the Court of Appeals of Georgia

A12A0538. MIDTOWN GLASS COMPANY, LLC v. LEVENT INJURIES et al.

BARNES, Presiding Judge.

Midtown Glass Company, LLC ("Glass") rented warehouse space from a building owned by Tuncel Properties LLC. A fire in the warehouse damaged Glass's inventory, and Glass sued Tuncel Properties and another building tenant, Levent Industries, Inc., for negligence. The trial court awarded summary judgment to the defendants, and Glass appeals. For the reasons that follow, we reverse.

In October 2010, Glass and Tuncel Properties entered into a five-year lease agreement which contained the following exculpatory language, commonly referred to as a "waiver of subrogation clause":

Landlord and Tenant mutually waive all rights of recovery against the other or any party claiming through or under the other for any loss or

damage to property of the other caused by fire or other insured casualty notwithstanding that such damage was caused by the negligence of the other, its agents, or employees. Landlord and Tenant agree with respect to their insurance policies to include standard waiver of subrogation clauses therein.

Tuncel Properties was owned by Levent Tuncel, who also owned Levent Industries, Inc., doing business as Architectural Brass. Architectural Brass leased a portion of the warehouse from Tuncel Properties.

The lease between Glass and Tuncel Properties expired in September 2005. Glass continued to occupy the space, although the parties did not enter into a new lease. In February 2007, a fire in the warehouse caused substantial damage to Glass's inventory of 23,000 separate items, including replacement windshields. Tuncel testified that, after the fire, he "wanted [Glass] out of there" because the fire marshal said the fire had been caused by arson that started in Glass's space, so Tuncel Properties filed several dispossessory actions against Glass, which vacated the premises in June or July 2007. Glass's insurer had paid it $435,000, and Glass executed subrogation agreements with its insurer.

Glass sued Tuncel Properties and Levent Industries to recover the $435,000 paid to it by the insurer, $875,000 for uninsured property damage, and $1.2 million

in lost business income, contending among other things that the defendants negligently maintained the warehouse fire protection system.

Tuncel Properties moved for summary judgment, arguing that Glass was still subject to the waiver of subrogation clause in the lease agreement, even though the lease term had ended, that the clause precluded Glass from recovering for any losses that were compensated by insurance and not caused by the landlord's negligence, and that no evidence showed that Glass's damages were caused by the landlord's negligence. Levent Industries moved for summary judgment, contending that it had no ownership interest in the building, that it owed no duty to Glass as a co-tenant, that if it were considered to be Glass's landlord, the lease terms would bar Glass's claims, and that Glass had failed to prove that any negligence caused its damages.

The trial court granted summary judgment to both defendants. As to Tuncel Properties, the court found that the lease barred Glass's subrogation claims and all of its other damages claims by showing "a clear intent by the parties to shift the risk of loss for an insured casualty to the parties' respective insurers." As to Levent Industries, the court found that it acted as Tuncel Properties' agent and therefore the waiver of subrogation clause protected it also.

Glass contends on appeal that the trial court erred in granting summary judgment to both defendants because the waiver of subrogation provision did not survive the expiration of the lease, and because a jury question exists as to whether Levent Industries acted as Tuncel Properties' agent.

"One who is a tenant at will by virtue of holding over after the expiration of the term of his lease holds the premises subject to the general terms and conditions specified in the lease, except so far as modified by mutual agreement." (Citation and punctuation omitted.) *Colonial Self Storage v. Concord Properties*, 147 Ga. App. 493, 494 (1) (249 SE2d 310) (1978) (landlord entitled to exercise default provision in expired lease allowing it to seize and sell property in an unpaid storage unit). "[T]he general terms and conditions of a lease are those indispensable to a continuing landlord/tenant relationship . . . [or those] necessary in order for the landlord/tenant relationship to continue." (Footnote omitted.) *Mariner Healthcare v. Foster*, 280 Ga. App. 406, 409 (2) (634 SE2d 162) (2006). Indispensable terms and conditions include, "at a minimum, provisions for rent and repairs by the landlord and tenant." *Gully v. Glover*, 190 Ga. App. 238, 240 (2) (378 SE2d 411) (1989).

Accordingly, a lease provision obligating a tenant to pay for damages to the premises occurring while the tenant was in possession remained applicable after the

4

lease expired and the tenancy continued at will. *Gully*, 190 Ga. App. at 240 (2). A lease provision requiring the tenant to pay a proportional share of the landlord's "operating costs," including taxes, maintenance, security, and insurance, was a "general term and condition" which continued to apply after the lease expired, particularly as the provision described the operating costs as "additional rent." *Radha Krishna v. Desai*, 301 Ga. App. 638, 640-641 (1) (689 SE2d 78) (2009). On the other hand, a contractual right of first refusal to lease the property again "was not a general term or condition of the leases because it is not a term or condition that is necessary in order for the landlord/tenant relationship to continue." *Mariner Healthcare*, 280 Ga. App. at 409 (1).

While a contractual provision "pursuant to which the parties clearly express their mutual intent to shift the risk of such loss to insurance" is enforceable, *May Dept. Store v. Center Developers*, 266 Ga. 806 (1) (471 SE2d 194) (1996), such a provision is not necessary for the landlord/tenant relationship to continue. It is not a provision addressing rent, operating costs, damages to the property by the tenant, or default provision, but merely a reallocation of risks. Therefore, the waiver of subrogation provision did not continue to apply after the lease expired, and the trial court erred in applying it to grant summary judgment to the defendants in this case.

Because this provision is not necessary to the relationship and therefore did not continue to apply after the lease expired, we need not consider whether the waiver of subrogation clause applied to foreclose Glass's claim for uninsured losses or its claims against its co-tenant Levent Industries either individually or as Tuncel Properties' agent.

*Judgment reversed. Adams and McFadden, JJ., concur.*