CITIZEN'S NATIONAL BANK OF DECATUR, Plaintiff-Appellee, v. LINDA FARMER, a/k/a Linda Smith, Defendant-Appellant.

Fourth District   No. 15523

Opinion filed October 5, 1979.

Thomas M. Vaught, of Land of Lincoln Legal Assistance Foundation, Inc., of Decatur, for appellant.

Richard Heavner, of Welsh, Kehardt & Shafter, of Decatur, for appellee.

Mr. JUSTICE MILLS delivered the opinion of the court:

Automobile purchase—retail installment contract—assigned to bank—suit for balance due.

Which statute of limitations applies? *Four* years or *ten*?

Four. The Uniform Commercial Code controls.

Citizen's National Bank of Decatur brought this small-claims action to recover the balance due on two retail installment sales contracts. Judgment was entered for defendant on one of the contracts and for plaintiff on the other. Only defendant appeals. The sole issue raised is whether the 4-year statute of limitations governing actions for breach of a contract for the sale of goods is a defense to the bank-assignee's action.

The trial court ruled that it was not. We view that ruling as erroneous. We reverse.

On July 7, 1972, the defendant purchased an automobile from Weidenbacher Toyota, Inc. At the time of purchase she made a cash down payment and signed a retail installment contract which obligated her to pay the remaining purchase price in 18 monthly installments. This contract was subsequently assigned to Citizen's, the bank with which the defendant told the dealer she did business. She had never contacted anyone at the bank in regard to a loan but she did make payments to Citizen's on this contract. The testimony at trial was contradictory concerning the date of defendant's default on the contract. According to a bank employee, the account became delinquent in January 1973, but defendant testified that she made no payments after March 1974.

In either case, it is undisputed that plaintiff did not bring this action until more than 4 years after defendant's breach. The defendant unsuccessfully raised the statute of limitations issue three times: by motion to dismiss prior to trial, by motion for judgment, and by motion to vacate judgment. This appeal followed.

It is the bank's position that its action as assignee of a retail installment sales contract is governed by the 10-year statute of limitations for actions on a written contract. The section relied on by plaintiff provides:

> "Except as provided in Section 2—725 of the 'Uniform Commercial Code,' enacted by the Seventy-second General Assembly, actions on bonds, promissory notes, bills of exchange, written leases, written contracts, or other evidences of indebtedness in writing, shall be commenced within 10 years next after the cause of action accrued; * * *." (Ill. Rev. Stat. 1977, ch. 83, par. 17.)

The explicit exception to this 10-year limitations period—section 2—725 of the Uniform Commercial Code—requires an action for breach of any contract for sale to be commenced within *four* years after the cause of action has accrued. Ill. Rev. Stat. 1977, ch. 26, par. 2—725.

The bank's argument for application of the 10-year statute, although novel, is unacceptable. It argues that defendant's breach was of her obligations to make payment, not of a contract for the sale of goods. In the contract, defendant agreed to make 18 monthly payments commencing on August 25, 1972, and plaintiff argues that the contract is really a hybrid instrument containing provisions for the sale of goods and provisions for the obligation to pay. The bank would have us hold that the sale of goods occurred on the date the contract was signed. It argues that this action is one for breach of defendant's promise to pay which is an

action based on the debtor-creditor rather than the buyer-seller relationship.

We find no basis for making such a distinction.

The principal case relied on by plaintiff-bank is readily distinguishable from the case at bench. In *Harris Trust & Savings Bank v. McCray* (1974), 21 Ill. App. 3d 605, 316 N.E.2d 209, a bank, the issuer of a credit card, brought action against the cardholder to recover the balance due on the credit card account. It was held that the 10-year statute of limitations applicable to written contracts governed the bank's action because the payments by the bank to certain merchants, pursuant to the cardholder agreement, were loans of money by the issuer to the cardholder. The contention that the merchants merely assigned retail installment contracts to the bank was specifically rejected.

In the present case, however, the bank did not loan money to the defendant as it contends. It purchased a retail installment contract from Weidenbacher Toyota. There was no pre-existing relationship between plaintiff and defendant which was similar to the one between the issuer and cardholder in *Harris Trust*.

A contract for sale includes both a present sale and a contract to sell in the future. The sale consists of the passing of title to the buyer for a price. (Ill. Rev. Stat. 1977, ch. 26, par. 2—106.) The obligation to pay is a fundamental part of the contract for sale. It is not, as plaintiff suggests, separate and distinct from the transfer of the physical possession of the automobile. Nor is this a case where a buyer borrows money from a third person and uses that money to purchase goods from a merchant.

Moreover, the comments to section 2—725 of the Uniform Commercial Code state that it is designed to introduce a uniform statute of limitations for sales contracts and to eliminate jurisdictional variations. (Ill. Ann. Stat., ch. 26, par. 2—725, Comments, at 614 (Smith-Hurd 1977).) An examination of cases from other jurisdictions wherein this issue has been considered shows that it has consistently been held that actions such as the one at bench are governed by section 2—725, the 4-year limitation statute.

In *Associates Discount Corp. v. Palmer* (1966), 47 N.J. 183, 219 A.2d 858, the defendant purchased an automobile and financed the purchase with a bailment lease security agreement. The contract was then assigned to Associates who waited more than 7 years after defendant's breach to initiate an action to recover a deficiency due on the contract. It was held that Associates' action was barred by the 4-year statute of limitations contained in section 2—725 of the Uniform Commercial Code. Although the lease was both a contract for sale and a security transaction, the court reasoned that a suit for a deficiency is nothing more than an *in personam* action for that part of the sales price which remains unpaid. It is simply an

action to enforce the obligation of the buyer to pay the full sales price and that obligation is an essential element of all sales. Accord, *Massey-Ferguson Credit Corp. v. Casaulong* (1976), 62 Cal. App. 3d 1024, 133 Cal. Rptr. 497.

We believe the reasoning employed by the Court of Appeals of Maryland in *Burton v. Artery Co.* (1977), 279 Md. 94, 367 A.2d 935, further supports the result we reach in this case. In *Burton,* the court was faced with the question of whether an action brought by the seller to recover sums due for the sale of certain trees and shrubs was an action for breach of a contract for sale. The answer to that question was clearly provided by reference to section 2—709 of the Uniform Commercial Code. That section affords the seller a remedy when a buyer fails to make payment for his purchase. The remedy afforded is an action for the price. Both section 2—709 and section 2—725 appear in that portion of the Code entitled "Remedies." The inclusion of both sections in the remedies portion of article 2 of the Uniform Commercial Code clearly indicates that the limitation contained in section 2—725 is to be applied to a seller's action under section 2—709.

■■ If Weidenbacher Toyota, Inc., had not assigned this contract to the bank, it is obvious to us that its cause of action on the contract would be governed by section 2—725. The fact that plaintiff-bank brought this action as an assignee of the contract does not change that result. This is an action for breach of a contract for sale and should have been brought within 4 years of defendant's breach.

Reversed.

REARDON, P. J., and CRAVEN, J., concur.