Miller, Judge.
SunTrust Bank (“SunTrust”) filed suit against Mattie Venable to recover a deficiency judgment almost five years after Venable defaulted on a conditional sales contract. Venable appeals from the trial court’s grant of summary judgment to SunTrust, contending, inter alia, that SunTrust’s suit is time barred. We agree and reverse because, pursuant to Article 2 of the Uniform Commercial Code, a four-year statute of limitation applies to causes of actions based on contracts where the primary purpose is the sale of goods.
Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment *345 as a matter of law. We review a trial court’s grant of summary judgment de novo, construing the evidence, and all reasonable conclusions and inferences drawn from it, in favor of the nonmovant.
(Citation and punctuation omitted.) Thomas v. Summers, 329 Ga. App. 250 (764 SE2d 578) (2014); see also OCGA § 9-11-56 (c).
So viewed, the evidence shows that on March 8, 2006, Venable executed a “Simple Interest Conditional Sale Contract” at Team Ford of Marietta to finance the purchase of a minivan. The contract provided for 75 equal monthly payments to be paid to SunTrust as the holder of the contract. Venable acknowledged that the contract gave SunTrust a security interest in the minivan. Venable made her last payment on the contract on November 1, 2007 and the remaining balance was charged off in February 2008. SunTrust repossessed the vehicle in October 2011 and thereafter sold it at auction. SunTrust filed the instant complaint on October 15, 2012 to recover the deficiency amount.
Venable contends that, pursuant to Article 2 of the Uniform Commercial Code, this suit is governed by the four-year statute of limitation that governs contracts for the purchase of goods. See OCGA § 11-2-725 (1). We agree.
“When, as here, a question of law is at issue we owe no deference to the trial court’s ruling and apply a de novo standard of review.” (Citation omitted.) Artson, LLC v. Hudson, 322 Ga. App. 859 (747 SE2d 68) (2013). The statute of limitation applicable to a cause of action based on a conditional sales contract that also creates a security interest appears to be an issue of first impression in Georgia. Applying the proper statute of limitation is critical in any litigated matter, and attorneys and parties must have clear procedural rules on which they can rely.
SunTrust argues that this suit is governed by the six-year statute of limitation applicable to simple written contracts. OCGA § 9-3-24 pertinently provides, “All actions upon simple contracts in writing shall be brought within six years after the same become due and payable. However, this Code section shall not apply to actions for the breach of contracts for the sale of goods under Article 2[.]” Under Article 2, “[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued.” OCGA § 11-2-725 (1). Article 2 expressly exempts from its application any transaction that “is intended to operate only as a security transaction^]” (Emphasis supplied.) OCGA § 11-2-102. “Where the plain language of a statute is clear and susceptible of only one reasonable construction, we must construe the statute according to *346 its terms.” (Citation omitted.) Atlanta Independent School System v. Atlanta Neighborhood Charter School, Inc., 293 Ga. 629, 631 (748 SE2d 884) (2013). The plain language of OCGA § 11-2-102 exempts only transactions that are solely security transactions.
Additionally, “[i]f a contract contains a blend of sale and nonsale elements, Article [2] applies only if the dominant purpose behind the contract reflects a sales transaction.” (Citation and punctuation omitted.) Olé Mexican Foods, Inc. v. Hanson Staple Co., 285 Ga. 288, 290 (676 SE2d 169) (2009). To determine whether a sales contract is governed by Article 2, “we must look to the primary or overall purpose of the transaction.” (Citation and punctuation omitted.) Id. (applying the “primary purpose” test to determine whether the purpose of a contract is to settle litigation or sell goods). Since the instant contract contained both sale and security elements, we must ascertain its primary purpose.
Although the contract gave SunTrust a security interest in the vehicle, it was not intended to operate only as a security transaction because the financing provision was incidental to the sales contract. Thus, the contract here was not exempt from Article 2 under OCGA § 11-2-102. It is also clear that the primary purpose of the conditional sales contract that Venable entered into was the sale of goods. See Black’s Law Dictionary, pp. 336, 372 (9th ed. 2009) (defining a conditional sales contract as “[a] contract for the sale of goods under which a buyer makes periodic payments and the seller retains title to or a security interest in the goods.”) (emphasis supplied). Accordingly, the applicable statute of limitation is four years. See All Tech Co. v. Laimer Unicon, LLC, 281 Ga. App. 579, 582 (3) (636 SE2d 753) (2006) (holding that even if seller provided buyer with substantial services in conjunction with the sale of goods, four-year statute of limitation applied because the predominant element of the contract was sale of goods).
Although the contract contains certain provisions adopted from Article 9, those provisions did not transform the primary purpose of the transaction.[1] The six-year statute of limitation will apply when the primary purpose of the contract at issue is the creation of a security interest. For example, in Almand v. Reynolds & Robin, RC., 485 FSupp.2d 1361, 1365 (M.D. Ga. 2007), the plaintiff procured a bank loan and then used the proceeds from the loan to purchase a vehicle; the plaintiff did not purchase the vehicle from the bank. The *347 federal court held that Almand’s promissory note or loan agreement was not governed by Article 2 because it was only a secured transaction. See id. Since the instant case concerns a contract that is predominantly a sales contract, rather than strictly a loan, the six-year statute of limitation is inapplicable.
Moreover, the overwhelming majority of state courts that have considered this issue have applied Article 2 to conditional sales contracts for vehicles, reasoning that “a deficiency action must be considered more closely related to the sales aspect of a combination sales-security agreement rather than to its security aspect and be controlled by the four-year limitation[.]” Assoc. Discount Corp. v. Palmer, 219 A2d 858, 861 (N.J. 1966).[2] Of course, one of the purposes of adopting the Uniform Commercial Code was to “make uniform the law among the various jurisdictions.” OCGA § 11-1-102 (2) (c).
As SunTrust conceded below, the statute of limitation began to run at the time of the breach which occurred when Venable stopped making payments after November 2007. See Radha Krishna, Inc. v. Desai, 301 Ga. App. 638, 641 (2) (689 SE2d 78) (2009). SunTrust, however, did not file this action until October 15, 2012, outside of the four-year statute of limitation. Accordingly, SunTrust’s suit is time barred, and the trial court erred in granting SunTrust’s motion for summary judgment.[3]

Judgment reversed.

Barnes, P. J., Ellington, P. J., Dillard, McFadden and Branch, JJ., concur. Andrews, P. J., dissents.

 Pursuant to OCGA § 11-9-109 (a) (1), Article 9 of the Uniform Commercial Code applies to “[a] transaction, regardless of its form, that creates a security interest in personal property or fixtures by contractf.]”

 See also D.A.N. Joint Venture III v. Clark, 218 SW3d 455, 458 (Mo. App. 2006); Barnes v. Community Trust Bank, 121 SW3d 520, 524 (Ky. App. 2003); Scott v. Ford Motor Credit Co., 691 A2d 1320, 1326 (II) (Md. App. 1997). But see North Carolina Nat. Bank v. Holshouser, 247 SE2d 645, 646 (N.C. App. 1978) (Article 2 statute of limitation did not apply where, in commentary, North Carolina legislature specifically exempted from Article 2 all transactions that create any security interest, even though in the form of a sales contract); see also N. C. Gen. Stat. § 25-2-102.

 Since SunTrust’s suit is time barred, we need not consider Venable’s remaining contention.