Rule 23 order filed
March 13, 2019.
Motion to publish granted
April 12, 2019.

2019 IL App (5th) 180202

NO. 5-18-0202

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| MIDLAND FUNDING LLC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff, | ) | Clinton County. |
| | ) | |
| v. | ) | No. 17-SC-26 |
| | ) | |
| JEAN SCHELLENGER, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| (Jean Schellenger, on Behalf of Herself | ) | |
| and a Putative Class, Counterclaimant- | ) | |
| Appellant; Midland Funding LLC and | ) | Honorable |
| Midland Credit Management, Inc., | ) | Michael D. McHaney, |
| Counterdefendants-Appellees). | ) | Judge, presiding. |

JUSTICE MOORE delivered the judgment of the court, with opinion.
Presiding Justice Overstreet and Justice Chapman concurred in the judgment and opinion.

**OPINION**

¶ 1    The counterclaimant, Jean Schellenger (Jean), on behalf of herself and a putative class, appeals the February 22, 2018, order of the circuit court of Clinton County that granted the motion of the counterdefendants, Midland Funding LLC and Midland Credit Management, Inc., to dismiss Jean's counterclaim that, *inter alia*, the counterdefendants' collection complaint was time-barred by the four-year statute of limitations as set forth in section 2-725 of the Uniform Commercial Code (UCC) (810 ILCS 5/2-725 (West 2016)). For the following reasons, we affirm.

1

¶ 2                                    FACTS

¶ 3    On January 27, 2017, Midland Funding LLC filed a small claims complaint against Jean, alleging that Jean was the holder of a credit card (usable only for the purchase of goods at Home Depot), that Midland Funding LLC was the successor in interest of the credit card account from Citibank, N.A., that Jean made purchases against the account but failed to make the monthly payments, that there was a balance of $3151.21 due and owing on the account, and that Jean was in default on the account. Midland Funding LLC requested judgment against Jean in the amount of $3151.21 plus costs. An affidavit appended to the complaint stated that the last payment posted to the account was on July 12, 2012. Accordingly, the complaint was filed more than four years but less than five years after the default.

¶ 4    On June 30, 2017, Jean filed a motion for class certification along with a three-count class action counterclaim against Midland Funding LLC and Midland Credit Management, Inc. (Midland). The counterclaim alleged, *inter alia*, that because a Home Depot store credit card can only be used to purchase goods at a Home Depot store, the action was one to enforce a contract for the sale of goods and the applicable statute of limitations is four years under section 2-725 of the UCC (*id.*). The counterclaim further alleged that Midland's collection complaint was time-barred and, accordingly, the filing violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.* (2012)), the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 2016)), and the Collection Agency Act (225 ILCS 425/1 *et seq.* (West 2016)). The allegation underlying all counts of the counterclaim was that Midland had a practice of suing customers on time-barred store credit card debts.

¶ 5    On September 19, 2017, Midland filed a motion to dismiss Jean's counterclaim. The motion alleged, *inter alia*, that Midland's complaint was timely filed because Jean's credit card

2

agreement is governed by the five-year statute of limitations that applies to credit card agreements, pursuant to section 13-205 of the Code of Civil Procedure (Code) (735 ILCS 5/13-205 (West 2016)), rather than the four-year statute of limitations under the UCC that governs the sale of goods, as Jean alleged in her counterclaim.

¶ 6    A hearing was conducted on February 20, 2018, where counsel offered respective arguments concerning, *inter alia*, which statute of limitations applied. The circuit court entered an order on February 22, 2018, granting Midland's motion to dismiss, holding that the five-year statute of limitations applied, and dismissing Jean's counterclaim with prejudice. Jean filed a timely notice of appeal.

¶ 7                                                    ANALYSIS

¶ 8    Our issue on appeal is whether the circuit court erred by granting Midland's motion to dismiss Jean's counterclaim, on the basis of the five-year statute of limitations applying to Midland's underlying complaint, rather than the four-year statute of limitations, as argued by Jean in her counterclaim. A circuit court's rulings on motions to dismiss (see *Freeman v. Williamson*, 383 Ill. App. 3d 933, 936 (2008)) as well as whether a particular statute of limitations applies to a cause of action (see *Travelers Casualty & Surety Co. v. Bowman*, 229 Ill. 2d 461, 466 (2008)) are reviewed *de novo*.

¶ 9    Here, the issue at hand was settled in Illinois by the court in *Harris Trust & Savings Bank v. McCray*, 21 Ill. App. 3d 605 (1974), as cited by Midland. As in the instant case, the issue in *Harris Trust* was "whether a credit card issuer may commence an action based upon the holder's failure to pay for the purchase of goods more than 4 years after the issuer's cause of action accrued." *Id*. at 606. The defendant in *Harris Trust* argued that when she purchased goods with a credit card issued by the plaintiff bank, she entered into a contract for the sale of goods. *Id*. The

3

plaintiff bank argued that the credit card transaction created a debtor/creditor relationship and the cause of action could not have arisen from a failure to pay for goods because the bank had already paid for the goods. *Id.* at 607. The bank contended, rather, that the cause of action arose when the defendant failed to repay the bank for the funds that were advanced by the bank to the merchant on behalf of the defendant. *Id.* Accordingly, the bank argued that the applicable statute of limitations was that relating to written contracts, including a promise to pay money. *Id.*

¶ 10    The court in *Harris Trust* observed that "[t]he bank credit card system involves a tripartite relationship between the issuer bank, the cardholder, and merchants participating in the system." *Id.* The defendant in *Harris Trust* argued that money paid directly to merchants constitutes a contract for the sale and purchase of goods. *Id.* at 608. The court disagreed, holding that "money advanced to a merchant in payment for merchandise received by the defendant constitutes a loan" and "[t]he defendant promised to repay the bank for money it paid to the merchant for her benefit." *Id.* The court further observed that "[t]he credit card allowed [the] defendant to make use of the resources of the issuer bank, and the merchant is in the same financial position as if he were receiving cash from the bank at a small discount for its service." *Id.* Because the court concluded "that the payments made by the [bank] to the merchants pursuant to the cardholder agreement constituted a loan of money," the longer statute of limitations governed the cause of action. *Id.* at 610.

¶ 11    Jean's argument on appeal is that the four-year statute of limitations applies to litigation regarding a default on a Home Depot store card. She relies on a New Jersey case, *Midland Funding LLC v. Thiel*, 144 A.3d 72, 75 (N.J. Super. Ct. App. Div. 2016), which held that "claims arising from a retail customer's use of a store-issued credit card—or one issued by a financial institution on a store's behalf—when the use of which is restricted to making purchases from the

4

issuing retailer[,] are subject to the four-year statute of limitations," which governs contracts relating to the sale of goods.

¶ 12    The New Jersey case cited by Jean addresses the same issue that is raised in the instant case. We acknowledge that comparable court rulings in other jurisdictions, while not binding, " 'are persuasive authority and entitled to respect.' " *Kostal v. Pinkus Dermatopathology Laboratory, P.C.*, 357 Ill. App. 3d 381, 395 (2005) (quoting *In re Marriage of Raski*, 64 Ill. App. 3d 629, 633 (1978)). However, "Illinois courts do not look to the law of other states when there is relevant Illinois case law available." *In re Estate of Walsh*, 2012 IL App (2d) 110938, ¶ 45. See also *Kostal*, 357 Ill. App. 3d at 395 (no need to observe case law from other states when Illinois case law is directly on point). Applying these principles here, the Illinois case cited by Midland is directly on point and settles the issue at hand. Accordingly, we look to that case as authority rather than Jean's case from a foreign jurisdiction that addresses the same issue but yields a contrary result.

¶ 13    Besides the New Jersey case, Jean cites an Illinois case—*Citizen's National Bank of Decatur v. Farmer*, 77 Ill. App. 3d 56 (1979)—in an effort to support her argument that the four-year statute of limitations under the UCC applies here. Jean emphasizes that the court in *Citizen's* held that a buyer's obligation to pay for the goods purchased is a fundamental part of a contract for the sale of the goods. *Id*. at 58. We note, however, that *Citizen's* is distinguishable from the instant case.

¶ 14    In *Citizen's*, the defendant purchased an automobile from a car dealership, made a cash down payment, and signed an installment contract. *Id*. at 57. Subsequently, the contract was assigned from the dealership to the plaintiff bank and the defendant made payments to the bank,

5

pursuant to the installment contract, but later defaulted. *Id*. The plaintiff bank did not commence litigation until more than four years later. *Id*.

¶ 15 On appeal, the bank argued that the longer statute of limitations applicable to retail installment sales contracts applied because the bank was the assignee of the contract. *Id*. The bank's argument was that the defendant breached an obligation to make payments and did not breach a contract for the sale of goods. *Id*. The bank cited *Harris Trust* in support of its argument, but the court distinguished that case because in *Harris Trust*, the longer statute of limitations applied because the payments by the bank to merchants, per the cardholder agreement, "were loans of money by the issuer to the cardholder" and "[t]he contention that the merchants merely assigned retail installment contracts to the bank was specifically rejected." *Id*. at 58. The court in *Citizen's* held that the plaintiff bank did not loan money to the defendant buyer, but purchased the retail installment contract from the dealership. *Id*. Accordingly, the court held that the four-year statute of limitations pursuant to the UCC applied and the bank's cause of action was untimely. *Id*. at 59.

¶ 16 We find *Citizen's* inapplicable here and distinguish it in the same way the *Citizen's* court did from *Harris Trust*. In *Citizen's*, the bank stepped into the shoes of the seller as the assignee of the retail installment agreement between the buyer and seller. *Id.* at 57. That is not the case here, where a tripartite relationship exists between the bank, the cardholder, and the merchant and where the payments made by the bank to the merchant pursuant to the cardholder agreement constitute a loan, just as in *Harris Trust*. See 21 Ill. App. 3d at 607-08. Accordingly, we find the holding in *Citizen's* does not apply to the instant case.

¶ 17 Jean cites an additional Illinois case—*Johnson v. Sears Roebuck & Co.*, 14 Ill. App. 3d 838, 851 (1973)—in which the court held that a store credit card was not subject to usury laws

6

because the sale of goods on credit and allowing payments over time do not constitute a loan. However, again, like *Citizen's*, the *Johnson* case did not involve a tripartite system where the bank paid the merchant for goods that were purchased by a cardholder who agreed to repay the bank instead of the merchant, but a bipartite relationship directly between a retail seller and a buyer. See 14 Ill. App. 3d at 839. Accordingly, we find the ruling in *Johnson* also inapplicable here.

¶ 18    Finally, we note that Jean concedes that litigation involving general purpose bank credit cards is subject to a five-year statute of limitations pursuant to section 13-205 of the Code (735 ILCS 5/13-205 (West 2016)). On that note, she contends that *Harris Trust* is distinguished from the instant case, because in that case, a general purpose credit card was used that could be used at multiple retailers as well as used for cash advances and services, whereas here, the credit card originated with Home Depot, was issued through Citibank, and could only be used to purchase goods at a single retailer—Home Depot—therefore making it subject to the UCC as a part of a sale of goods. We disagree. The type of credit card is immaterial. The determining factor in *Harris Trust* was not that the credit card was general purpose or usable only at a single establishment, but that a tripartite relationship and a loan of money were involved. The same principles apply to this case, and we find the distinction Jean raises regarding the type of credit card to be of no consequence to established law in Illinois.

¶ 19                                          CONCLUSION

¶ 20    For the foregoing reasons, the February 22, 2018, order of the circuit court of Clinton County is affirmed.

¶ 21    Affirmed.

7

2019 IL App (5th) 180202

NO. 5-18-0202

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| MIDLAND FUNDING LLC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff, | ) | Clinton County. |
| | ) | |
| v. | ) | No. 17-SC-26 |
| | ) | |
| JEAN SCHELLENGER, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| (Jean Schellenger, on Behalf of Herself | ) | |
| and a Putative Class, Counterclaimant- | ) | |
| Appellant; Midland Funding LLC and | ) | Honorable |
| Midland Credit Management, Inc., | ) | Michael D. McHaney, |
| Counterdefendants-Appellees). | ) | Judge, presiding. |

_____

**Rule 23 Order Filed:**      March 13, 2019
**Motion to Publish Granted:**      April 12, 2019
**Opinion Filed:**      April 12, 2019

_____

**Justices:**      Honorable James R. Moore, J.

     Honorable David K. Overstreet, P.J., and
     Honorable Melissa A. Chapman, J.,
     Concur

_____

**Attorneys**
**for**
**Appellant**      Daniel A. Edelman, Cathleen M. Combs, James O. Latturner, Francis R. Greene, Isabella M. Janusz, Edelman, Combs, Latturner & Goodwin, LLC, 20 S. Clark Street, Suite 1500, Chicago, IL 60603-3403; Dennis L. Koch, 815 Laurel Street, Suite 23, Highland, IL 62249-2106

_____

**Attorneys**
**for**
**Appellees**      William P. Hardy, Hinshaw & Culbertson LLP, 400 South Ninth Street, Suite 200, Springfield, IL 62701-1908; Louis J. Manetti, Jr., David M. Schultz, Hinshaw & Culbertson LLP, 151 N. Franklin St., Suite 2500, Chicago, IL 60606

_____