**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BROWN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be**
*physically received* **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**August 23, 2023**

# In the Court of Appeals of Georgia

A23A0830. WHITE v. WESTLAKE FINANCIAL SERVICES.

MCFADDEN, Presiding Judge.

This case presents an issue of first impression, in that we are called upon to administer a portion of our version of the Uniform Commercial Code which has not been previously addressed in a Georgia appellate decision. But administering that provision, which limits the availability of renewal actions for breach of contracts for the sale of goods, requires only that we hold that it means what it says and that no other statute contradicts it.

After we granted her application for interlocutory review, Shauna White filed this appeal from the trial court's order denying her motion to dismiss Westlake Financial Services's second complaint against her. She argues that the second complaint should be dismissed because it is not a renewal action, since OCGA § 11-

2-725 (3) prohibits the renewal of an action dismissed for failure to prosecute, as Westlake's first complaint was. And she argues that the complaint cannot proceed as an original action because it is barred by the running of the four-year statute of limitation in OCGA § 11-2-725 (1). We agree, so we reverse.

The relevant facts are largely undisputed. In February 2015, White entered a retail installment contract for the purchase of a car, and at some point, the contract was assigned to Westlake Financial Services. White stopped making payments after May 2017, and the car was repossessed. The car was sold at auction, after which Westlake filed suit against White to collect a deficiency balance. The complaint was filed on April 14, 2021. On April 22, 2022, the trial court dismissed the case without prejudice for want of prosecution because Westlake did not appear at a hearing on its motion for summary judgment.

The next month, after the four-year statute of limitation had run, see OCGA § 11-2-725 (1); *SunTrust Bank v. Venable*, 299 Ga. 655 (791 SE2d 5) (2016), Westlake filed a second complaint. White answered the complaint, asserted counterclaims, and filed a motion to dismiss on the ground that the complaint was barred by the running of the statute of limitation. Westlake responded that the complaint was a renewal of the complaint timely filed in 2021.

The trial court denied White's motion to dismiss, agreeing with Westlake that it was entitled to renew its 2021 action. After the trial court denied White's motion for reconsideration and we granted her application for interlocutory appeal, White filed this appeal.

White argues that OCGA § 11-2-725 (3) prevented Westlake from filing the second complaint as a renewal action, which would have saved it from the running of the statute of limitation, so the trial court erred in denying her motion to dismiss. We agree.

That statute is in our version of the Uniform Commercial Code (UCC), OCGA § 11-1-101 et seq., and applies to contracts for the sale of goods, such as the contract at issue here. See *Venable*, 299 Ga. at 657-660. The statute provides:

> Where an action commenced within the [four-year statute of limitation of OCGA § 11-2-725 (1)] is so terminated as to leave available a remedy by another action for the same breach such other action may be commenced after the expiration of the time limited and within six months after the termination of the first action *unless the termination resulted from voluntary discontinuance or from dismissal for failure or neglect to prosecute.*

OCGA § 11-2-725 (3) (emphasis supplied). Because the termination of Westlake's first complaint "resulted. . . from dismissal for failure . . . to prosecute," Westlake is

3

not entitled to avail itself of OCGA § 11-2-725 (3) to renew the action and to avoid the statute of limitation problem. So the trial court erred in denying White's motion to dismiss.

Westlake concedes that the general renewal statute, OCGA § 9-2-61, does not apply because that statute expressly provides that it "shall not apply to contracts for the sale of goods covered by Article 2 of Title 11." OCGA § 9-2-61 (b).

But, Westlake argues, it was entitled to renew its complaint under OCGA § 9-11-41. Subsection (e) of that statute does include a provision regarding renewal. But that subsection is inapplicable. It provides:

> Any action in which no written order is taken for a period of five years shall automatically stand dismissed, with costs to be taxed against the party plaintiff. . . . When an action is dismissed under this subsection, if the plaintiff recommences the action within six months following the dismissal then the renewed action shall stand upon the same footing, as to limitation, with the original action.

OCGA § 9-11-41 (e). Here, however, the trial court dismissed Westlake's first complaint for want of prosecution because Westlake did not appear at a hearing on its motion for summary judgment; the complaint was not "automatically . . .

4

dismissed" under OCGA § 9-11-41 (e). So the complaint was not "dismissed under [that] subsection" and OCGA § 9-11-41 (e)'s renewal language does not apply.

Westlake argues that OCGA § 9-11-41 controls because it was enacted after OCGA § 11-2-275. But, as noted, the only provision of OCGA § 9-11-41 that concerns renewal is OCGA § 9-11-41 (e), which unambiguously applies to automatic dismissals under the five-year rule. See *Southern States Chemical v. Tampa Tank & Welding*, __ Ga. __, __ (2) (__ SE2d __) (Case No. S23A0273, decided May 31, 2023) .

Further, "a specific statute governs over a more general statute where they are in conflict." *Ga. Mental Health Inst. v. Brady*, 263 Ga. 591, 592 (2) (436 SE2d 219) (1993). Assuming that the statutes here conflict regarding renewal, OCGA § 11-2-725 (3), which specifically governs the renewal of actions under the UCC arising from contracts for the sale of goods, prevails over OCGA § 9-11-41, which governs dismissals of civil actions. And "the fundamental principle of statutory construction [is] that we must endeavor to give each part of the statute meaning and avoid a construction that makes some language mere surplusage." *In the Interest of C. M. B.*, 335 Ga. App. 456, 460 (781 SE2d 570) (2016) (citation and punctuation omitted). The trial court's construction — that a renewal UCC action may be filed under

5

OCGA § 9-11-41 (e) even where the original action is dismissed for want of prosecution — renders meaningless the language of OCGA § 11-2-275 (3) limiting a party's right to re-file; under the trial court's construction, any time a UCC action was terminated for want of prosecution, the party could simply renew the action.

Although there is no Georgia case on point, several other jurisdictions have addressed the issue and found that the UCC provision prevails over general renewal provisions. See *Grynberg v. Questar Pipeline Co.*, 70 P3d 1, 8 (II) (A) (Utah 2003); *Intl. Periodical Distrib. v. Bizmart, Inc.*, 768 NE2d 1167, 1170 (Ohio 2002); *Portwood v. Ford Motor Co.*, 701 NE2d 1102, 1105-1106 (II) (Ill. 1998).

For these reasons, we conclude that OCGA § 11-2-725 (3) applies to Westlake's second complaint, which is not a renewal action, and does not save the complaint from the running of the four-year statute of limitation. So the trial court's order denying White's motion to dismiss is reversed.

*Judgment reversed. Brown and Markle, JJ., concur*.